**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARIUS JORDAN,

Defendant - Appellant.

No. 11-10276

D.C. No. 3:10-cr-00669-WHA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued & Submitted July 18, 2012
San Francisco, California

Before: CLIFTON and MURGUIA, Circuit Judges, and COLLINS, District
Judge.[**]

Appellant Darius Jordan appeals following his jury conviction for illegally

possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Jordan argues that the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

district court erred in denying his claim under *Batson v. Kentucky*, 476 U.S. 79 (1986), that the prosecutor used a peremptory challenge in a discriminatory manner by striking G.B., an African-American prospective juror, on account of her race. Jordan also argues that the district court committed procedural error by incorrectly calculating the applicable United States Sentencing Guidelines range when sentencing him to a 63-month term of imprisonment.

We affirm the denial of Jordan's *Batson* challenge because Jordan has not "shown purposeful discrimination" at the third step of *Batson* under either the clear error or de novo standards of review. *Miller-El v. Cockrell*, 537 U.S. 322, 329 (2003); *see also United States v. Collins*, 551 F.3d 914, 919 (9th Cir. 2009) (explaining that the standard of review for a *Batson* claim may be de novo, as opposed to clear error, where the trial court applies the incorrect legal standard). For example, the record supports the contention that G.B.'s cough was disruptive and we must defer to the district court's firsthand observations of G.B.'s cough under either standard of review. *See Tolbert v. Page*, 182 F.3d 677, 683-84 (9th Cir. 1999) ("An appellate court can read a transcript of the voir dire, but it is not privy to the unspoken atmosphere of the trial court—the nuance, demeanor, body language, expression and gestures of the various players.").

Jordan also appeals the district court's application of a two-level upward adjustment to his offense level for reckless endangerment during flight, per U.S.S.G. § 3C1.2. We reject Jordan's argument that in order for the § 3C1.2 enhancement to apply to the act of discarding a weapon, the prosecution must point to specific people who were present at the time and place where the weapon was discarded. Although there was no evidence that anyone ever entered the dirt patch where the gun was found, the patch could be accessed by climbing over a low wall. *See United States v. Lard*, 327 F.3d 551, 553 (7th Cir. 2003) (stating that the accessibility of the location where a weapon was discarded may justify § 3C1.2 enhancement). Furthermore, the dirt patch was located within the courtyard of a densely populated housing development. Based on these factors, we cannot conclude that the district court erred in applying the § 3C1.2 enhancement to Jordan's offense level.

**AFFIRMED.**